UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINTON GARRICK and RENEA KELLY,

                              Plaintiffs,

    -against-

THE CITY OF NEW YORK, and P.O.s "JOHN DOE"
#1-10, Individually and in their Official Capacities
(the name "John Doe" being fictitious, as the true names are
presently unknown),

                              Defendants.
------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff LINTON GARRICK and RENEA KELLY by their attorney, JON L. NORINSBERG, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff LINTON GARRICK is a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Plaintiff RENEA KELLY is a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That, at all times hereinafter mentioned, the individually named defendants, and P.O.'s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That, at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

### FACTS

14. On February 23, 2012, at approximately 8:00 p.m., plaintiffs LINTON GARRICK and RENEA KELLY were lawfully present inside their home at 2226 Fulton Street, 1st Floor, County of Kings, City and State of New York.

14. At the aforesaid time and place, members of the New York City Police Department entered plaintiffs' LINTON GARRICK and RENEA KELLY's apartment without a warrant and began to search it.

15. When plaintiff LINTON GARRICK attempted to inquire as to what was going on, defendant officers stated, in sum and substance, "Where are the drugs? Where are the guns? We know you are hiding it."

16. The defendant police officers then took plaintiffs LINTON GARRICK and RENEA KELLY into custody, even though they had no lawful basis for doing so.

17. Several defendants then stayed behind in plaintiffs' home in order to unlawfully search the premises, while the other officers took plaintiffs to the 73rd Precinct in the County of Kings, City and State of New York.

18. During the course of this unlawful search, defendants rampaged through the premises and tore apart plaintiffs' apartment, leaving it in shambles and destroying plaintiffs' personal effects.

19. Defendants did not recover any drugs from the subject premises.

20. Defendants did not recover any weapons or other contraband from the subject premises.

21. Plaintiffs LINTON GARRICK and RENEA KELLY spent about twelve (12) hours inside the 73rd Precinct before being transported to Central Booking.

22. While inside Central Brooking, plaintiffs LINTON GARRICK and RENE KELLY were let out through the backdoor without ever seeing a judge.

23. As a result of this unlawful arrest, plaintiffs LINTON GARRICK and RENEA KELLY spent approximately forty (40) hours in jail.

24. Upon their return home, plaintiffs LINTON GARRICK and RENEA KELLY found that their 52' Samsung LCD Television was missing from the premises.

24. As a result of the foregoing, plaintiffs LINTON GARRICK and RENEA KELLY sustained, <u>inter alia</u>, loss of liberty, lost property, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiffs LINTON GARRICK and RENEA KELLY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. The acts complained of deprived plaintiffs LINTON GARRICK and RENEA KELLY of their rights:

        A. Not to be deprived of liberty without due process of law;

        B. To be free from seizure not based upon probable cause;

        C. Not to have excessive force imposed upon them;

        D. Not to have summary punishment imposed upon them; and

        E. To receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of defendants' aforementioned conduct, plaintiffs LINTON GARRICK and RENEA KELLY were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C.§ 1983

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants searched plaintiffs LINTON GARRICK and RENEA KELLY in the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband.

37. As a result of the foregoing, plaintiffs LINTON GARRICK and RENEA KELLY were subjected to an illegal and improper search.

38. Defendants illegally seized property belonging to plaintiffs LINTON GARRICK and RENEA KELLY without any lawful basis for doing so.

39. The foregoing unlawful search and seizure violated plaintiffs LINTON GARRICK and RENEA KELLY'S constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, plaintiffs LINTON GARRICK and RENEA KELLY demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       August 14, 2012

JON L. NORINSBERG
(norinsberg@aol.com)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396